

# 13 CIV 1126

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

ROBERT F. KATZBERG,                :

       Plaintiff,                :

            v.                :

INTERNAL REVENUE SERVICE,     :

       Defendant.            :

-------------------------------------------------X

**COMPLAINT**

Case No.:

RECEIVED FEB 19 2013 S.D.C. S.D. N.Y. CASHIERS

Plaintiff, Robert F. Katzberg, by his attorneys, KAPLAN & KATZBERG, alleges as follows:

## PRELIMINARY STATEMENT

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, to compel the Internal Revenue Service ("Defendant") to release records in its possession requested by Plaintiff.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to FOIA and under 28 U.S.C. §1331 as an action arising under the laws of the United States.

3.    Venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B) as Plaintiff is a United States citizen who resides in this district and whose principal place of business is located in this district.

## PARTIES

4.    Plaintiff, Robert F. Katzberg, an individual, is an attorney at law duly admitted to practice, *inter alia*, in the United States District Court for the Southern District of New York, with offices at 767 Third Avenue, 26th Floor, New York, N.Y. 10017. Plaintiff also resides in the Southern District of New York.

5.    Defendant Internal Revenue Service is an agency of the United States Government and has possession of the documents that Plaintiff seeks.

## FACTS

6.    By letter dated October 2, 2012, Plaintiff submitted an FOIA request to Defendant for, among other things, various documents reflecting the total dollars received as a result of the 2011 Offshore Voluntary Disclosure Initiative ("2011 OVDI"). The 2011 OVDI was the second of three programs created and administered by Defendant to encourage non-compliant United States taxpayers to report their previously undisclosed offshore bank accounts. The FOIA request relating to the 2011 OVDI is attached as Exhibit A.

7.    On November 30, 2012, Defendant sent a letter to Plaintiff that only one page was located responsive to Plaintiff's request, but that the agency was withholding it on various grounds, including that the information is exempt from disclosure due to law enforcement purposes and release would impair federal tax administration, under FOIA exemptions (b)(7)(A) and (b)(7)(E). Defendant also

2

stated that production would be improper without authorization or a valid power of attorney from another taxpayer, as the law prohibits the Defendant from making return information of another taxpayer public under Exemption (b)(3). A copy of this letter is attached as Exhibit B.

8.     Plaintiff submitted an administrative appeal to Defendant on December 26, 2012, a copy of which is attached as Exhibit C.

9.     Plaintiff's administrative appeal noted that the citation to Exemptions 7(A) and 7(E) did not explain why they were relevant, and furthermore were facially inapplicable, as Plaintiff was seeking merely dollar amounts collected pursuant to a specific Internal Revenue Service Program, the 2011 OVDI.

10.   As can clearly be seen from Plaintiff's request, Exhibit A hereto, the information sought is solely statistical information pertaining to dollars collected as a result of the 2011 OVDI, a now expired program. Accordingly, such information cannot possibly interfere with any ongoing law enforcement proceedings. In addition, contrary to the IRS denial, the request has nothing whatever to do with, and specifically excludes, any individual tax return information, or any identifying or other information regarding any of the taxpayers who participated in the 2011 OVDI. *See* Exhibit A, number 6.

3

11.   The denial letter, Exhibit B, also states that only one page was located in response to the FOIA request.

12.   That only one page of responsive documentation exists is not possible given the scope of the 2011 OVDI program. Indeed, based upon press releases issued by the IRS, it collected more than $5 billion from 33,000 voluntary disclosures under all three OVDI programs. *See*, Exhibit D. Given the extensive nature of the programs, including the 2011 program at issue herein, it is clear that the Defendant has not made an adequate search for responsive documents.

13.   By letter dated January 30, 2013, Defendant denied the administrative appeal. A copy of the denial letter is attached as Exhibit E.

14.   In its "rubber stamp" denial of Plaintiff's appeal, Defendant maintains that its search for responsive documents was adequate and that the release of the one responsive document found would interfere with pending administrative proceedings.

15.   Plaintiff has exhausted his administrative remedies.

## FOIA STATUTE

16.   Plaintiff has a statutory right, pursuant to 5 U.S.C. §552(a)(3), to the records he seeks. There is no legal basis for the Defendant's failure to more fully search for and disclose the requested documents. Indeed, all Plaintiff seeks is

a statistical breakdown of information Defendant has already released to the public as exemplified by Exhibit D.

     17.  The Court is authorized by statute to review Plaintiff's request for documents *de novo*.

     18.  As a matter of law, Defendant has the burden of proof as to why it denied Plaintiff's request.

## CAUSE OF ACTION

     19.  Plaintiff realleges and incorporates all preceeding paragraphs.

     20.  Plaintiff properly requested records and other documents within the possession and control of the Defendant.

     21.  Plaintiff is entitled by law to access to the records requested.

     22.  By its acts and omissions Defendant has violated its mandate to release agency records and other documents to the public by failing to release the documents requested by Plaintiff.

    **WHEREFORE,** Plaintiff respectfully requests that this Court:

     (1)  Order Defendant to conduct a thorough search of all its records to identify all documents within the scope of Plaintiff's request;

     (2)  Produce all such responsive documents to the Court for an *in camera* examination;

(3)   Declare that the refusal of Defendant to disclose the withheld responsive records is unlawful;

(4)   Order Defendant to disclose the withheld records to Plaintiff;

(5)   Expedite its consideration of this action pursuant to 28 U.S.C. §1657;

(6)   Award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E) and 28 U.S.C. §2412; and

(7)   Grant such other and further relief as the Court may deem just and proper.


Dated:  February 15, 2013                          /s/
                                              _____
                                              Robert F. Katzberg RFK-6013
                                              KAPLAN & KATZBERG
                                              767 Third Avenue, 26th Floor
                                              New York, NY 10017
                                              (212) 750-3100

                                              Attorneys for Plaintiff